East'n. District.
*Feb.* 1825.
INGREM
& AL.
*vs.*
INGREM.

---

### NABA vs. CARLIN.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court.    The only question presented in this case, is, whether the defendant admitted the execution of the note sued on.

An averment that the obligation has been discharged, dispenses the plaintiff with proof of its execution.

NABA
*vs.*
CARLIN.

It contains a general denial, and a plea of payment of interest, at a usurious rate to an amount greater than the principal of the note. The judge thought this allegation amounted to an acknowledgment of the instrument sued on, and gave judgment for the plaintiff, the averment in regard to the usury not being proved.

The defendant appealed, and now contends that there was error in this decree, as the judicial confession could not be divided, and that if the answer be taken as an acknowledgement the note was executed, it must be received as proof it had been paid.

We have frequently decided that pleas inconsistent with each other could not be pleaded under our law, and that when the general issue and payment were presented as a defence, the former would be considered *as waved.* It is a principle well known to all, that when a defendant is cited to answer in a court of justice to a petition, what he does not deny, he admits. It is on this ground that an averment that the obligation has been discharged, has been held to render it unnecessary for the plaintiff to prove it once existed. It is the want of a denial, that furnishes the ground for judgment, not the plea by which he relies for

East'n. District.
Feb. 1825.

NABA
vs.
CARLIN.

his discharge: they cannot be divided, but they do not present the *contestatio litis* on a point not put at issue by them.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Seghers* for the plaintiff, *Hennen* for the defendant.